Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 713 | DATE | 03/15/2004 |
| CASE TITLE | Weizeorick v. ABN AMRO Mortgage Co. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' Motion to Reinstate (doc. # 34)

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] . Enter Memorandum Opinion and Order. For the attached reasons, Plaintiffs' motion to reinstate their state law claims is DENIED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 1 6 2004 | |
| | Notified counsel by telephone. | date docketed | 50 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Gregory and Margaret Weizeorick )
 )
    Plaintiffs, )
 )
    v. )
 )
 )
ABN AMRO Mortgage Group, Inc., )
a Delaware Corporation, )
 )
    Defendant. )
 )

**DOCKETED**

**MAR 1 6 2004**

Case No. 01 C 713

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

Plaintiffs Gregory and Margoret Weizeorick move this Court to reinstate three state law claims. Defendant ABN opposes the Weizeoricks' motion, claiming that the state law claims are now barred by *res judicata*. For the reasons described below, the Court denies the Plaintiffs' motion.

I. Procedural History

The Weizeoricks sued ABN in February 2001, alleging that ABN had violated the Real Estate Settlement Procedures Act (RESPA) by splitting fees with a third party. The Weizeoricks also included three state law claims in their complaint against ABN: 1) breach of contract; 2) restitution; and 3) a violation of the Illinois Consumer Fraud Act (ICFA). The Court dismissed the RESPA claim with prejudice in November 2001 and dismissed without prejudice the Weizeoricks' state law claims, pursuant to 28 U.S.C. § 1367(c), in June 2002. The Weizeoricks

1



then appealed to the United States Court of Appeals for the Seventh Circuit. But on the same day they filed their appeal with the Seventh Circuit, the Weizeoricks re-filed their state law claims in the Circuit Court of Cook County. A few weeks later, the Weizeoricks moved to amend their notice of appeal and withdrew the appeal of this Court's Order dismissing their state law claims and limited the appeal to the Court's dismissal of their RESPA claim.

While the appeal of their RESPA claim was pending, the state court dismissed with prejudice the Weizeoricks' claims for breach of contract and restitution, on the grounds that those claims were moot. The state court did not, however, dismiss the Weizeoricks' claim that ABN violated the ICFA. In July 2003, the Seventh Circuit reversed this Court's order dismissing the Weizeoricks' RESPA claim. The Weizeoricks now move to reinstate their state law claims.

## II. Analysis

ABN contends that the doctrine of *res judicata* bars this Court from reinstating the Weizeoricks' claims for breach of contract and restitution because the state court has dismissed those claims with prejudice. In order for *res judicata* to apply, there must be, among other things, a "final adjudication on the merits." *SDS Partners Inc. v. Cramer*, 713 N.E. 2d 239, 241 (Ill. App. Ct. 1999). "A judgment is deemed final, for purposes of *res judicata*, if it terminates litigation on the merits so that the only issue remaining is proceeding with its execution." *Id.* (citing *In re Marriage of Verdung*, 535 N.E. 2d 818, 823 (Ill. 1989)). ABN contends that even though the Weizoericks' ICFA claim is still pending in the state court that the state court's decision to dismiss the breach of contract and restitution claims is nonetheless a "final judgment." In support, ABN points to *McDonald's Corp. v. Levine*, 439 N.E.2d 475, 487 (Ill. App. Ct. 1982), which suggests that interlocutory orders can be "final judgments" for purposes of *res judicata*. But *Levine*

2

contains no explanation of this position and does not appear to accurately state Illinois law. Under Illinois law, an interlocutory order is not a final judgment for purposes of *res judicata*. *See, e.g., Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199 (Ill. 1996); *Estate of Cooper v. Humana Health Plan, Inc.*, 789 N.E. 2d 361, 365-66 (Ill. App. Ct. 2003). Illinois, unlike a majority of jurisdictions, reasons that a judgment is not final for *res judicata* purposes because the losing party may still file a motion to reconsider or an appeal. *See, e.g., Robertson v. Winnebago County Forest Preserve Dist.*, 703 N.E.2d 606, 612 (Ill. App. Ct. 1998); *Pelon v. Wall*, 634 N.E. 2d 385, 388 (Ill. App. Ct. 1994); *Luckett v. Human Rights Commission*, 569 N.E. 2d 6, 10 (Ill. App. Ct. 1989); *but see* Restatement (Second) of Judgments §13 cmt. b (1982) ("when res judicata is in question a judgment will ordinarily be considered final in respect to a claim . . . if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement"). Thus, ABN's claim that the Weizeoricks' breach of contract and restitution claims are barred by *res judicata* is without merit.

ABN also argues that the Weizeoricks' claims are moot. According to ABN it reimbursed the Weizeoricks' the $10 fee that is the center of this dispute and forms the basis for the Weizoricks' state law claims. The Weizoricks cry foul, as well they should. The Weizeoricks filed this suit as a class action and filed a motion for class certification 11 days after filing suit. The Court asked the Weizeoricks to withdraw that motion without prejudice while the Court considered ABN's motion to dismiss. The Weizeoricks voiced the concern that if they withdrew the motion, ABN would attempt to "pick off the named plaintiff and destroy the class" by making an offer of judgment. The Court thus ruled in April 2001 that ABN was barred from making such an offer. Despite the ruling, ABN decided to mail the Weizeoricks a check for the

3

disputed $10 fee. Indeed, ABN later argued in its motion to dismiss that its tender of the $10 mooted the Weizoricks' breach of contract claim. The Court rejected this argument, informing ABN that it would hold the Defendant to "both the letter and the spirit of its order and the law." (Nov. 16, 2001 Order). Defendant managed to convince the state court that its tender of the $10 did not violate the spirit of this Court's order and now seeks to convince this Court of the same, arguing yet again that the Weizoricks' state law claims have been mooted. The Court is not so convinced. Instead, the fact that Defendant so blatantly violated the spirit of the Court's April 2001 Order and the November 2001 Order, in which the Court clarified its position regarding the mootness of Plaintiffs' claims, is pause for concern. The Defendant's argument that the Weizeoricks' state law claims are moot is also without merit.

But the mere fact that ABN's arguments regarding *res judicata* and mootness are without merit does not necessarily mean that the Weizeoricks' claims should be reinstated. When this Court dismissed the Weizeoricks' claims they opted to appeal, as was their right. But during the appellate process, the Weizeoricks made a strategic decision to withdraw the appeal of their state law claims so that they could pursue them in state court. The Weizeoricks suggest that ABN forced it down this road and that they "only refiled their state law claims in the state court after ABN insisted that [they] do so in its request that this Court dismiss the state law claims." But the mere fact that this Court lacked jurisdiction to hear the Weizeoricks' state law claims and therefore dismissed them did not obligate the Weizeoricks to refile those claims in state court. Nor could any insistence from ABN cause the Weizeoricks to take such action. The Weizeoricks were free to appeal the Court's dismissal of their state law claims along with the dismissal of their RESPA claim. They chose not to and instead split their claim. Now the state law claims are

4

pending in state court, while the RESPA claim is pending here. The Weizeoricks ask the Court to undo their decision and rejoin their split claims.

However, claim splitting is not favored because it multiplies the costs of litigation on an opponents adversaries and the judicial system. *See Davis v. Chicago*, 53 F.3d 801 (7th Cir. 1995). The Weizeoricks argue that they are not the ones seeking to split the claim because they desire the state law claims to be reinstated while ABN opposes such a move. But the Weizeoricks ignore the fact that they are the party who created the state court action. As noted earlier, had they believed that they would prevail on their appeal of the RESPA claim, they could also have appealed the dismissal of the state law claims. If the Court were to reinstate the Weizeoricks' claims now, it would create a situation in which two courts were addressing the same claims. This is a waste of judicial resources, particularly since the state court has ruled on two of the three claims. Indeed, if the Weizeoricks' claims were reinstated, ABN would have a colorable argument under *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), for abstention.

In short, the Weizeoricks attempt to have their cake and eat it too. They chose to pursue their state law claims in state court instead of waiting until their appeal was resolved (or perhaps instead of risking that the appellate court would rule against them). Now that the Seventh Circuit has returned a decision in their favor they wish to change the fora in which they litigate the state law claims. The Court will not allow them to transfer their claims between fora depending on which way the winds happen to blow —that is forum shopping at its worst. The Weizeoricks made their decision to pursue the state law claims in state court, and now they must live with it.

5

The motion to reinstate is therefore DENIED.

IT IS SO ORDERED.

_____3/15/04_____　　　　　　　_/s/ Wm. J. Hibbler_
Dated　　　　　　　　　　　　　　　　The Honorable William J. Hibbler
　　　　　　　　　　　　　　　　　　　United States District Court