Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 713 | DATE | 08/02/2004 |
| CASE TITLE | Weizeorick v. ABN AMRO Mortgage Co. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Renewed Motion for Class Certifaction (doc. #35)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] . Enter Memorandum Opinion and Order. For the attached reasons, Plaintiff's renewed motion for class certification (doc. #35) is DENIED.

(11) ● [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed *distributed* by judge's staff. | | AUG 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 104 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | 2004 AUG -2 PM 2:15 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Gregory Weizeorick, individually
and on behalf of all others
similarly situated

Plaintiff,

v.

ABN AMRO Mortgage Group, Inc.,
a Delaware Corporation,

Defendant.

Case No. 01 C 713

The Honorable William J. Hibbler

DOCKETED
AUG 0 3 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Gregory Weizeorick renews his motion for this Court to certify a class. Defendant ABN AMRO Mortgage Group opposes the Weizeoricks' motion. For the reasons described below, the Court denies the Plaintiffs' motion.

## I. Factual Background

Weizeorick, along with his wife Margaret, sued ABN in February 2001, alleging that ABN had violated the Real Estate Settlement Procedures Act (RESPA) by splitting fees with a third party. The Weizeoricks also included three state law claims in their complaint against ABN: 1) breach of contract; 2) restitution; and 3) a violation of the Illinois Consumer Fraud Act (ICFA). In November 2001, the Court dismissed the RESPA claim with prejudice, and in June 2002, the Court dismissed the Weizeoricks' state law claims, declining to exercise supplemental jurisdiction over them once the federal claim had been dismissed. The Weizeoricks then appealed to the United States Court of

1

Appeals for the Seventh Circuit. On the same day they filed their appeal with the Seventh Circuit, the Weizeoricks also re-filed their state law claims in the Circuit Court of Cook County, Illinois. A few weeks later, the Weizeoricks amended their notice of appeal and withdrew the appeal of this Court's Order dismissing their state law claims, thus limiting their appeal to the Court's dismissal of their RESPA claim. While the appeal of their RESPA claim was pending, the state court dismissed with prejudice the Weizeoricks' claims for breach of contract and restitution, on the grounds that those claims were moot. The state court did not, however, dismiss the Weizeoricks' claim that ABN violated the ICFA. In July 2003, the Seventh Circuit reversed this Court's order dismissing the Weizeoricks' RESPA claim.

In November 2003, the Weizeoricks renewed their motion for class certification. In March 2004, the Defendant moved to extend the briefing schedule on the Weizeoricks' motion so that it could complete discovery necessary to respond to the motion. The Court granted the Defendant's request and, at the same time, provided the Weizeoricks the opportunity to file an amended motion, should information relevant to the question of numerosity be uncovered during discovery. The Weizeoricks did not file an amended motion, but instead relied on their November 2003 motion. During discovery related to class certification, Margaret Weizeorick refused to attend a noticed deposition and the Weizeoricks voluntarily moved to dismiss her from the suit.

II. Standard for Class Certification

Rule 23 of the Federal Rules of Civil Procedure governs class actions. Plaintiffs seeking class certification bear the burden of proving the action satisfies the four requirements of Rule 23(a) — numerosity, commonality, typicality, and adequacy of representation. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993); *Harriston v. Chicago Tribune Co.*, 992

2

F.2d 697, 703 (7th Cir. 1993). Failure to meet any one of these prerequisites precludes certification as a class. *Retired Chicago Police Ass'n*, 7 F.3d at 596. If these prerequisites are satisfied, the Court must then determine whether one of the standards of Rule 23(b) is met. *Id.*

Defendant opposes class certification on the grounds that the Weizeoricks have not demonstrated that the class is sufficiently numerous, that the Weizeoricks claims are not typical of those of other potential class members, and that the Weizeoricks and their attorneys are not adequate representatives. Defendants also suggest that class certification is not appropriate under Rule 23(b)(3) because the common questions do not predominate over questions affecting individual members.

### III. Analysis

A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Rule 23 does not impose an absolute minimum on the permissible number of class members. Instead, a proposed class must be so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1). Although a plaintiff need not provide exact numbers in order to satisfy Rule 23(a)'s numerosity requirement, a plaintiff must provide some evidence or reasonable estimate of the number of class member. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). Mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1). *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n. 4 (7th Cir. 1990).

In their motion for class certification, Weizeorick acknowledges that he has no exact information regarding the potential number of class members. In fact, Weizeorick initially makes no effort even to estimate the number of class members. Instead he argues only that "common sense

3

dictates that numerosity is met here" because ABN is a large mortgage lender that uses standard forms and procedures and because thousands of loans are at issue. ABN counters by arguing that Weizeorick's argument is mere speculation and insufficient to establish numerosity. In reply, Weizeorick lays out his theory in more detail, arguing that ABN has identified 21,206 *potential* members, based on the number of loans ABN serviced and that ABN has been unable to rule out 6,842 borrowers as class members, despite months of reviewing loan files.

Before addressing the merits of the parties' disagreement over numerosity, a brief comment on the briefing process is in order. It is elementary that parties may not raise new arguments or present new facts in their reply, thus depriving their opponent of the opportunity to respond. *Multi-Ad Services, Inc. v. N.L.R.B.*, 255 F.3d 363, 370 (7th Cir. 2001). Weizeorick presents the bulk of his argument (and facts) regarding numerosity in his reply. His excuse is that the material necessary for these arguments was not available until after his initial brief was filed. When ABN requested an extended briefing schedule on the motion in March 2004, however, the Court granted Weizeorick the opportunity to file an amended motion, in part to allay his concerns that ABN might challenge his claim to have demonstrated numerosity. Weizeorick did not avail himself of this opportunity and instead chose to pack his reply with new arguments and facts. Of course Weizeorick's strategy prompted ABN to move to strike Weizeorick's reply or in the alternative to be allowed to file a sur-reply. As a result, Weizeorick's decision to file his class certification motion before obtaining the evidentiary support needed for the motion has created unnecessary filings, wasting the parties as well as the Court's time and resources. In the end, ABN is not prejudiced by Weizeorick's decision, however, because the Court granted ABN's leave to file the sur-reply in part

4

and considered its spin on the deposition testimony offered by Weizeorick for the first time in his reply.

Turning to the merits of the numerosity inquiry, the parties cite opposing cases, both involving RESPA claims, to support their positions on numerosity and a detailed discussion of these cases is helpful. Weizeorick cites *Christakos v. Intercounty Title Co.*, 196 F.R.D. 496 (N.D. Ill. 2000) as an example of a court that certified a class for a similar RESPA claim. In that case, the gist of the plaintiff's complaint was nearly identical to Weizeorick's — that the defendant had violated RESPA by charging plaintiff a fee for recording a mortgage release that was actually recorded by another entity. *Christakos*, 196 F.R.D. at 501. During discovery, plaintiff's counsel reviewed one hundred loan files and found, among other things, twenty-eight files that "did not contain the transmittal letter when Intercounty charged a recording release fee despite being contained on Intercounty's computer system." *Id.* The Court reasoned that even though it could not determine who recorded the releases in the sampled files and who was paid to record them, it was not "unreasonable to assume that of the tens of thousands of transactions processed by Intercounty, at least forty have been with banks like Mellon," which had recorded its own releases. *Id.* ABN cites *Lengle v. Attorneys' Title Guaranty Fund, Inc.*, No. 01 C 7739, 2002 WL 31163672 (N.D. Ill. Sep. 27, 2002). In that case, the plaintiff based his entire numerosity argument on the supposition that because the defendant performs thousands of closings per year, there must have been at least 40 other customer's who were overcharged by the defendant. *Id.* at *4. In *Lengle*, unlike in *Christakos*, the plaintiff had not provided any evidence in support of his supposition, but had instead relied on pure speculation. *Id.* Therefore, the court in *Lengle* declined to certify a class. *Id.*

Here, the Court finds that Weizeorick's estimation of the number of class members is more akin to that of the plaintiff in *Christakos* than that of the plaintiff in *Lengle*. It is true that Weizeorick can not identify another class member, other than a plaintiff pressing a similar case pending in state court. But in part that is because ABN still has not been able to sort through its records regarding the 21,000 loans in serviced since 1999. Weizeorick's estimate of the potential class size is not based upon mere speculation, but instead on the deposition testimony of ABN officials who worked diligently to exclude all 21,000 borrowers from the class but who were unable to testify under oath that all of the 21,000 borrowers should be excluded from the proposed class.

The deposition testimony shows that ABN reviewed the data from its Fidelity loan servicing system to eliminate all but 6,842 potential class members. (Geary Dep. at 76-78; Brokaw Dep. at 96-98). ABN then devoted its efforts to "researching the 6,842 loans [that were not excluded from the class after an analysis of the Fidelity loan servicing system data] to determine whether our procedures were followed in terms of recording or making sure a check was made payable to the recorder and being sent out." (Geary Dep. at 78). In other words, ABN attempted to research the 6,842 loans to demonstrate that none of those borrowers met the criteria for inclusion in the class. (Geary Dep. at 82, 96). According to ABN, the Fidelity loan servicing system was one of several procedures ABN used to pay recording fees, and that therefore not all of these 6,842 borrowers would be class members. And it is true that ABN's deponents offer a number of reasons why some of the 6,842 borrowers flagged by the analysis of the Fidelity system would not in fact be class members. (Geary Dep. At 96-97, 102-105). But at the time of their depositions in June 2004, Mr. Geary, who had already spent months reviewing the files, could only state that ABN was "finding loans" which would not be included in the proposed class. (Geary Dep. 105-113). But when

6

pressed, Geary could not provide even a general estimate as to how many of the 6,842 loans should not be included in the proposed class. (Geary Dep. 105-113).

In determining whether the proposed class is sufficiently numerous the Court can make common sense assumptions. *Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984). Here, ABN has for several months worked to eliminate potential members of the class. It whittled a group in excess of 21,000 borrowers to 6,842 potential class members, and then tried diligently to shrink the potential class further. ABN claims that many of these 6,842 borrowers would not in fact meet the criteria for inclusion in the class, but at the end of the day are unable to demonstrate that all 6,842 of these borrowers (or even a more modest number of them) should be excluded from the proposed class. It would have been helpful had ABN analyzed a small sample of the 6,842 potential class members to demonstrate that *none* of the borrowers from that sample met the requirements for class membership. Had ABN done so, it would then be reasonable to assume that only a few of the 6,842 borrowers met the criteria for inclusion in a class. But ABN did not undergo such research and instead attempted to review all 6,842 files. After that review, ABN claims that some of these 6,842 borrowers would not be members of the class, but stops short of affirming that no borrower from this group meets the criteria for inclusion in the class. It is therefore reasonable to assume many of these 6,842 borrowers are in fact class members: that is, ABN charged them a fee to record a release of the mortgage, but did not actually record that release. The Court finds that Weizeorick has established that the class is sufficiently numerous that joinder of all class members is impracticable.

B.   Commonality

Rule 23(a)(2) requires that questions of law or fact common to the class must be present to sustain class certification. Fed. R. Civ. P. 23(a)(2). A "common nucleus of operative fact" is generally sufficient to demonstrate commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Where the defendant has engaged in some standardized conduct toward the proposed class members, even though there may be some factual variation between the members' claims, there is a common nucleus of operative fact. *Id.* at 1017;*Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995). Here, the questions of law and fact that are common to the class are: (1) whether defendant charged borrowers a fee to record the release of mortgage; (2) whether defendant or another entity actually recorded the release of the mortgage; and (3) whether the defendant violated RESPA by charging a fee to record a release of mortgage when it did not record the release. The Court finds that Weizeorick has established that there are common questions of law and fact and the requirements of 23(a)(2) have been met.

C.  Typicality and Adequacy of Representation

Under Rule 23, the class representative's claim must be typical of the claims of the class, and the class representative must also be an adequate representative of the class. Fed. R. Civ. P. 23(a)(3), (4). These inquiries are often linked because if the class representative's claims resemble the class's claims then adequate representation can be expected. But if the representative and the class members have antagonistic or conflicting claims, the class well not be fairly and adequately represented because "his incentive to press issues important to other members of the class will be impaired." *Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1157 (7th Cir. 1999); *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 429-30 (N.D. Ill. 2003).

A class representative's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citations and internal quotation omitted). Although there may be factual distinctions between the claims of the representative and the class members, colorable defenses unique to the named representative may destroy typicality as well as bring into question the adequacy of the named plaintiff. *J.H. Cohn & Co. v. American Appraisal Assn, Inc.*, 628 F.2d 994, 999 (7th Cir. 1980); *Ellis*, 217 F.R.D. at 428. Adequacy of representation involves three inquires: (1) whether counsel is sufficiently competent and experienced to conduct the proposed litigation; (2) whether the class representative has antagonistic or conflicting claims with other members of the class; and (3) whether the class representative has sufficient interest in the outcome to ensure vigorous advocacy. *Chandler*, 162 F.R.D. at 308; *O'Neill v. Gourmet Sys. of Minn., Inc.*, 219 F.R.D. 445, 454 (W.D. Wis. 2002).

For several reasons, the Court is skeptical of the typicality of Weizeorick's claim as well as his adequacy as class representative. First, the Court is not convinced that Weizeorick has sufficient interest in the outcome of the litigation to ensure vigorous advocacy. Originally, Gregory and Margaret Weizeorick, husband and wife, served as dual class-representatives. During discovery, ABN was required to file a motion to compel Gregory and Margaret Weizeorick to sit for depositions, which they had refused to schedule up to 10 days before ABN's motion regarding class certification was due. The Court granted the motion and compelled Gregory and Margaret Weizeorick to sit for depositions. Despite the Court's order, Margaret Weizeorick chose not to sit for her deposition and instead sought to be dismissed from the case. Given the recalcitrance of

Margaret Weizeorick and her willingness to abandon the suit rather than sit for a deposition as well as Gregory Weizeorick's hesitation in responding to the Defendant's request to take his deposition, the Court is concerned that Gregory Weizeorick lacks the interest to vigorously prosecute the suit and to serve as class representative. *See Culver v. City of Milwaukee*, 277 F.3d. 908 (7th Cir. 2002) (affirming decertification of class in part because of class representative's lackadaisical approach to the case).

Second, because of the messy procedural history of the suit, the Court finds that Gregory Weizeorick's interests conflict with those of other proposed class members. In 2002, the Weizeoricks' appealed the Courts dismissal of their RESPA and state law claims to the United States Court of Appeals for the Seventh Circuit. Shortly after filing their appeal, the Weizeoricks' *chose* to dismiss the appeal of their state law claims and instead pressed those claims by filing a second suit in state court, thereby splitting their claims. The state court has ruled against the Weizeoricks on some of those claims, though at least one remains pending. ABN points out that the Weizeoricks' prosecution of the state court action, which involves the same set of operative facts as the proposed class action here, conflicts with their duty to represent the proposed class and threatens prejudicial inconsistent outcomes. ABN argues that Gregory Weizeorick could choose to favor the state law claim to the prejudice of the claim pending here. The Court agrees. Further, the state court action provides ABN with a colorable defense against Weizeorick's claims — *res judicata*. Should the state court dispose of Weizeorick's claims, that judgment may have preclusive effect here, for the doctrine of *res judicata* bars not only those claims that were brought, but all those that could have been brought. *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002); 2 U.S.C. § 2614 (federal courts do not have exclusive jurisdiction over RESPA claims). Weizeorick protests that the reason

the claims are split is because "ABN obtained a dismissal of the claims from this Court and then opposed Plaintiff's motion to reinstate them." But Weizeorick ignores the fact that it was he who shopped fora — choosing to file a new action in state court rather than to press the dismissal of his state court claims on appeal before the Seventh Circuit. Weizeorick also argues that the state action creates no conflict because he also seeks to prosecute that claim as a class action. But the state court has not certified any class and therefore a conflict does exist—Weizeorick might decide to forego the litigation here should it fare poorly and instead pursue his state law claims, thus leaving the class without representation. Given the fact that Weizeorick has shown a tendency to prosecute his claims in whichever fora seems to him most favorable at the moment and given the potential *res judicata* effect resulting from Weizeorick's decision to split his claims, the Court finds that he has interests that are antagonistic to those of the class. Therefore, the Court also finds that Weizeorick's claims are not typical of the class and he is not an adequate class representative.

There is another reason why Weizeorick's claims are not typical of those of other class members. Weizeorick's counsel served as an agent for Attorney's Title. And Attorney's Title was involved in the transaction that formed the basis of Weizeorick's suit against ABN. ABN has, in fact, joined Weizeorick's counsel as a third-party defendant. Weizeorick claims that the third-party complaint is but smoke and mirrors, and counsel and Attorney's Title have both filed motions to dismiss. The fact remains, however, that at the moment Weizeorick's counsel is a party to the suit and cannot adequately represent the proposed class while protecting his own interests. This, of course, may change if the Court grants the motion to dismiss the third-party complaint, but for the moment it remains a real conflict precluding certification of the class.

For the reasons stated above, the Court finds that the requirements of 23(a)(3) and 23(a)(4) have not been met and that class certification is not appropriate. Weizeorick's motion for class certification is therefore DENIED.

IT IS SO ORDERED.

7/2/04
Dated

The Honorable William J. Hibbler
United States District Court